UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

UNITED STATES OF AMERICA,               :

                                  :

                 Plaintiff,       :

                                  :         **MEMORANDUM &**

       -against-                :         **ORDER**

                                  :

SEAN FALZARANO and JOANNA FALZARANO,  :         25-CV-1674 (VDO)

                                  :

               Defendants.     :

---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

This action arises from a Complaint filed by the United States, alleging that Defendant Sean Falzarano fraudulently transferred property ownership to his wife, Defendant Joanna Falzarano (collectively, the "Defendants"). Proceeding *pro se,* Defendants now move to dismiss the Complaint against them. Separately, Sean Falzarano moves for sanctions against Plaintiff. For the reasons stated below, both motions are **DENIED**.

## I.     <u>BACKGROUND</u>

### A.     **Factual Background**

On or about July 15, 2021, Sean and Joanna Falzarano purchased a house at 490 Holly Hill Lane, Southbury, Connecticut (the "Subject Property") for around $725,000.[1] Around the same time, Defendants obtained a mortgage loan from Loan Depot in the principal amount of $688,750.00, secured by the Subject Property.[2]

---

[1] Compl., ECF No. 1 ¶ 12.

[2] *Id*. ¶ 13.

On October 3, 2023, Sean Falzarano was indicted on criminal charges alleging tampering with consumer products and unlawful possession of a controlled substance (criminal matter referred to as "Criminal Case").[3]

On March 20, 2024, Sean Falzarano used a Quit Claim Deed to transfer his right, title, and interest in the Subject Property to Joanna Falzarano.[4] The stated consideration for this transfer was $1.00.[5]

Sean Falzarano was sentenced in his Criminal Case on August 13, 2025. As part of that sentence, the Court entered a restitution order for $52,310.00, to be paid immediately (the "Restitution Order").[6]

### B.    Procedural History

On October 6, 2025, the Government filed its Complaint against the Defendants, asserting two claims of fraudulent transfer.[7] In Count One, brought under 28 U.S.C. § 3304(b)(1)(A), the Government asserts the Falzaranos engaged in a fraudulent transfer with actual intent to hinder, delay, or defraud the Government as a creditor by transferring Subject Property from Sean Falzarano to Joanna Falzarano after Sean Falzarano was indicted. In Count Two, brought under 28 U.S.C. § 3304(b)(1)(B)(ii), the Government asserts that the Falzaranos engaged in a fraudulent transfer because they conducted a transfer of the Subject Property without Sean Falzarano receiving a reasonably equivalent value in the exchange, and because

---

[3] *Id.* ¶ 17.

[4] *Id.* ¶ 19.

[5] *Id.*

[6] *Id.* ¶¶ 28–29.

[7] *Id.* ¶¶ 32–43.

at the time of the transfer, Sean Falzarano believed, or reasonably should have believed, that he would incur a criminal monetary penalty (in the form of restitution) which would be beyond his ability to pay. The Government asserts that pursuant to 18 U.S.C. § 3612(c), it is authorized to collect any criminal monetary penalty imposed in the Criminal Case.[8]

On November 11, 2025, the Falzaranos moved to dismiss the Complaint based on (1) lack of subject matter jurisdiction; (2) failure to state a claim; (3) insufficient pleading; and (4) failure to join a required party.[9] Additionally, as a part of the Motion to Dismiss, Defendants moved to strike portions of the Complaint. Plaintiff responded on February 23, 2026, and Defendants replied on May 18, 2026.[10]

---

[8] *Id.* ¶ 31.

[9] Mot. to Dismiss, ECF No. 31. Sean Falzarano filed both the Motion to Dismiss and Motion for Sanctions in his capacity as a pro se litigant. As pro se litigants cannot represent any party but themselves, Defendant Joanna Falzarano filed a Notice of Assent on November 11, 2025 to adopt Sean Falzarano's Motion to Dismiss. *See* ECF No. 32. Accordingly, although the Motion to Dismiss was originally filed by Sean Falzarano in his individual capacity, the Court considers the Motion as filed by both Defendants. References to arguments advanced by Sean Falzarano herein are therefore for ease of discussion and reflect the arguments presented in support of the Motion, which Defendant Joanna Falzarano adopted through her notice of Assent.

Separately, the Court notes that at the time the Motion to Dismiss was filed, there was an ongoing state court action related to the Subject Property (*Our House, LLC v. Falzarano*, UWY-CV23-6070367-S). That action was brought by Our House, LLC on April 21, 2023, after entering into a contract with the Defendants to provide building materials and labor. Our House filed a three-count complaint, alleging (1) foreclosure of mechanic's lien, (2) breach of contract, and (3) unjust enrichment. On March 2, 2026, that action was dismissed by Judge John Cordani in the Waterbury Superior Court.

[10] ECF Nos. 62, 68.

On March 9, 2026, Sean Falzarano filed the Motion for Sanctions, alleging that one of the Government's prior filings in the matter contained statements in violation of Fed. R. Civ. P. 11.[11] Plaintiff responded on March 30, 2026.[12]

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

#### 1.   Subject Matter Jurisdiction

A party may move to dismiss a complaint for "lack of subject matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). "A rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). A Rule 12(b)(1) motion is facial when it is "based solely on the allegations of the complaint or the complaint and the exhibits attached to it." *Id*. In that circumstance, "plaintiffs have no evidentiary burden, for both parties can be said to rely on the facts as alleged in the plaintiff's pleading." *Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017).

Where the challenge to subject matter jurisdiction is fact-based, "a defendant is permitted to . . . proffer[] evidence beyond the [complaint and the exhibits attached to it]." *Carter*, 822 F.3d at 57. If there are jurisdictional facts in dispute, "the court has the power . . . to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (cleaned up). "In opposition to such a motion, the plaintiffs will need to come forward with

---

[11] ECF No. 65.  Joanna Falzarano did not file a Notice of Assent to Sean Falzarano's Motion for Sanctions. Accordingly, the Court construes the Motion for Sanctions as having been brought solely by Sean Falzarano.

[12] ECF No. 66.

evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter*, 822 F. 3d at 57 (quoting *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). "However, the plaintiffs are entitled to rely on the allegations in the [complaint and the exhibits attached to it] if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Carter*, 822 F. 3d at 57.

### 2.    Failure to State a Claim and Sufficiency of Pleading

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts in the complaint as true [and] draw all reasonable inferences in favor of the plaintiffs . . . ." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

When a pleading "alleg[es] fraud . . . a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ.

P. 9(b). Additionally, claims advanced under 28 U.S.C. § 3304(b)(1) regarding fraudulent transfers provide that "consideration may be given" to the factors listed in 28 U.S.C. § 3304(b)(2), such as if the transfer was made to an insider, if the debtor retained possession or control of the property after the transfer, and if the transfer occurred shortly before or after a substantial debt was incurred. 28 U.S.C. § 3304(b)(2). *See also Consumer Fin. Prot. Bureau v. MacKinnon*, 569 F. Supp. 3d 162, 166 (W.D.N.Y. 2021) ("Actual intent may be determined be reference to several factors—sometimes called 'badges of fraud' . . .").

### 3.    Failure to Join a Required Party

A party may assert a motion to dismiss when there is "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "Rule 19 requires joinder only when the court cannot accord complete relief among the existing parties or when the disposition of the action would impair the ability of absent parties to protect their interests." *Thieriot v. Laggner*, No. 24-2500, 2025 WL 3295111, at *3 (2d Cir. 2025) (summary order). The structure of Rule 19 is such that it "makes clear that it is focused on whether a lawsuit can proceed with the parties *currently* before the court." *Seneca Nation v. Hochul*, 48 F.4th 664, 669 (2d Cir. 2023). Where there is "insufficient or contradictory evidence concerning whether a party is necessary," courts may deny such motions. *Quinn v. Fishkin*, 117 F. Supp. 3d 134, 139 (D. Conn. 2015).

### 4.    Motion to Strike

A party may move for the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Resolution of a Rule 12(f) motion is within the discretion of the district court, and such motions are generally disfavored and should be infrequently granted." *Broadrick v. Gilroy*, 786 F. Supp. 3d 487, 491 (D. Conn 2025).

### B.    Motion for Sanctions

"By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge . . . the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation . . . ." Fed. R. Civ. P. 11(b)(3). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). "The motion . . . must not be filed . . . if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." *Id.* This period that allows for withdrawal is referred to as the "safe harbor provision" and provides attorneys against whom sanctions are threatened to be given the chance to avoid potential sanctions. *See Kyros Law PC v. World Wrestling Entertainment, Inc.*, 78 F.4th 532, 543 (2d Cir. 2023).

### C.    Pro Se Litigants

As pro se litigants, the Falzaranos enjoy "special solicitude." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). That is, a court must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)). However, this solicitude is not without limits. *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 08-MC-245 (WIG), 2008 WL 3891734 at *2 (D. Conn. 2025). Courts should not excuse frivolous filings by pro se litigants, and pro se status does not exempt parties from compliance with the rules of procedural and substantive law. *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n. 1 (2d Cir. 2005); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## III.    DISCUSSION

### A.    Motion to Dismiss

For the reasons outlined below, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(b)(7), and 9(b), as well as its included request to strike under Rule 12(f), must be **DENIED**.

### 1.    Subject Matter Jurisdiction

"Federal district courts have subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting 28 U.S.C. § 1331). The underlying issue in this action arises under the Fair Debt Collection Practice Act (FDCPA).[13] Because the FDCPA is a federal statute, the Complaint raises a federal question and is appropriately addressed in federal court.

Defendant advances numerous arguments challenging this Court's subject matter jurisdiction, primarily relying on two distinct issues.

### a.    Divesture of Jurisdiction Rule

First, the Defendants rely on the divestiture of jurisdiction rule to argue that because there is an ongoing appeal in the Criminal Case, that appeal automatically stays the Restitution Order at issue in this case, pending the appeal's resolution.[14] In other words, Defendants argue that the unresolved appeal of the Restitution Order divests the district court of jurisdiction in this case.

---

[13] ECF No. 1 ¶ 1.

[14] Sean Falzarano currently has two companion appeals pending in the Second Circuit. In the first, he appeals the sentence imposed against him in the Criminal Case (Case No. 25-1965). In the second, he appeals from the related Restitution Order imposed therein (Case No. 25-2114).

The divestiture of jurisdiction rule holds that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of *the case involved in the appeal*." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added). Crucially, the transfer of jurisdiction is limited to the district court case that is the subject of the appeal; it does not divest the district court of jurisdiction over separate actions, even if they involve related parties or issues. Further, the divestiture of jurisdiction rule is "not a per se rule." *See United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Instead, this rule is "rooted in the interest of judicial economy" and its application "is guided by concerns of efficiency." *Id.* Those concerns are implicated when an appeal and district court proceedings involve the same or related issues in the same case, as the rule prevents the district court and the court of appeals from simultaneously exercising jurisdiction over the same issues.

This action arises from the Government's allegations of fraudulent transfer and is separate from Sean Falzarano's criminal prosecution. Although the Government ultimately seeks to set aside the allegedly fraudulent transfer so that the Subject Property may be available to satisfy the Restitution Order, this action remains distinct from the Restitution Order itself, which is the subject of one of Mr. Falzarano's pending appeals. As the Second Circuit has explained, "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *N.Y. Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). The Court is aware of no case extending the divestiture rule to deprive a district court of jurisdiction over an entirely separate civil action under these circumstances, and Defendants cite none. Because resolution of this case

9

neither interferes with nor overlaps the questions presented in the criminal appeal, the appeal does not divest this Court of jurisdiction over this action.

### b.    Doctrine of Prior Exclusive Jurisdiction

Second, Defendants argue that the doctrine of prior exclusive jurisdiction bars this Court's authority, as a state court action was, at the time of his filing, pending against the Subject Property. Defendants claim that their pending state court foreclosure action precludes the Government from asserting that the Subject Property was fraudulently transferred.

At the outset, the Court notes that the prior exclusive jurisdiction doctrine "is not strictly speaking a rule of subject matter jurisdiction" and is instead "an abstention-related doctrine." *Carvel v. Thomas and Agnes Carvel Found.*, 188 F.3d 83, 86 (2d Cir. 1999). "[A]bstention is not required where one suit is *in personam* and merely adjudicates rights in the *res* but does not assert possession over it." *134 Coventry, LLC v. U.S. Bank Trust N.A. ex rel. LSF9 Master Participation Tr.*, No. 23-CV-181, 2024 WL 381291 at *4 (S.D.N.Y. Feb. 1, 2024) (cleaned up). Thus, even if this doctrine applied in this matter, it would not automatically divest the Court of subject-matter jurisdiction. The Court, on this basis alone, rejects the prior exclusive jurisdiction doctrine as a basis to dismiss the complaint in this matter for lack of subject matter jurisdiction.

Separately, the Court declines to abstain from deciding the underlying Motion to Dismiss. The doctrine of prior exclusive jurisdiction provides that, when one court has assumed *in rem* or *quasi in rem* jurisdiction over specific property, a second court may not exercise jurisdiction over the same property in a manner that would interfere with the first court's control over the property. *See Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 191–92 (2d Cir. 2018). As the Second Circuit has explained, "[a] common-law rule

10

of long standing prohibits a court, whether state or federal, from assuming *in rem* jurisdiction" over property "that is already under the in rem jurisdiction of another court." *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 66 (2d Cir. 1991) (cleaned up). The doctrine is rooted in principles of comity and was developed to avoid "unseemly and disastrous conflicts in the administration of our dual judicial system." *Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935).

Critically, the prior exclusive jurisdiction doctrine applies only where both actions are *in rem* or *quasi in rem* and the second action would require the court to exercise control over property already within another court's jurisdiction. *Madanes v. Madanes*, 981 F. Supp. 241, 261–62 (S.D.N.Y. 1997). It does not apply where one action seeks only *in personam* relief, that is, relief such as a monetary judgment or an injunction directed at a party. *See Leopard Marine & Trading, Ltd.*, 896 F.3d at 192.

Here, the doctrine does not apply because this action is not *in rem* or *quasi in rem*. The Government does not seek possession, forfeiture, or control of the Subject Property; rather, it seeks a judgment that the transfer of the Subject Property was fraudulent and void to the extent necessary to satisfy Sean Falzarano's criminal monetary penalty. As the Second Circuit has explained, the FDCPA does not "create[] any interests or rights in property." *See Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 609 F.3d 111, 117 (2d Cir. 2010). Because this action merely adjudicates the Government's rights with respect to the alleged fraudulent transfer, without seeking control or possession of the property, the prior exclusive jurisdiction doctrine does not apply. Thus, the Court will not abstain from adjudicating the matter.[15]

---

[15] The Court notes that it is dubious of Defendants' claim that there is currently a "pending" foreclosure action with respect to the Subject Property. As noted previously, the docket of the

The arguments set forth by Sean Falzarano fail to support the assertion that this Court lacks subject matter jurisdiction to hear this case. As such, the Court rejects Defendants' arguments under Rule 12(b)(1).

## 2.    Failure to State a Claim and Sufficiency of Pleading

Defendants next assert that the Government fails to sufficiently plead a claim upon which relief can be granted. They claim that the allegations brought by the Government fail to plead facts sufficient to support an inference of intent and thus should be dismissed under Rule 12(b)(6). They also claim the heightened standard of pleading fraud under Rule 9(b) applies in this case and that the Government's Complaint does not meet it.

The Government brings its claims in this matter under 28 U.S.C. § 3304(b)(1), which defines when transfers as to a debt to the United States are fraudulent. Of note, the Government's first claim, brought under 28 U.S.C. § 3304(b)(1)(A), requires proof of actual intent on behalf of the debtor. Defendants argue that the Complaint fails to plausibly allege that intent. The Court disagrees.

Section 3304(b)(2) permits courts to consider a non-exclusive list of factors in determining whether actual intent has been adequately alleged. These factors include (1) whether the value of the consideration received by the debtor was reasonably equivalent in value to that of the asset transferred, (2) if the transfer was substantially all the debtor's assets, and (3) if the debtor become insolvent shortly after the transfer was made. 28 U.S.C. § 3304(b)(2). Here, the Complaint contains such details about the transfer, including (1) the

---

foreclosure action brought against the Falzaranos reveals a Judgment of Dismissal entered in the matter on March 2, 2026. *See Our House, LLC v. Falzarano*, UWY-CV23-6070367-S at Doc. Nos. 123.50, 124.00; *see also* n. 10, *supra*.

consideration of $1 given to Sean Falzarano in exchange for the Subject Property, (2) that the Subject Property constituted substantially all of Sean Falzarano's assets, and (3) that Sean Falzarano claimed insolvency less than six weeks after transferring the Subject Property to Joanna Falzarano.[16]

At the motion-to-dismiss stage, nothing more is required than allegations sufficient to support a reasonable inference of actual intent when construed in the Government's favor. *See Consumer Fin. Prot. Bureau v. MacKinnon*, 569 F. Supp. 3d 162, 166–67 (W.D.N.Y. 2021). The facts alleged by the Government support a reasonable inference that the transfer resulted in Sean Falzarano being unable to fulfill foreseeable restitution obligations to the United States. The Complaint thus satisfies the plausibility of the Government's second claim under § 3304(b)(1)(B)(ii). Accordingly, the Court finds that the Government's Complaint sufficiently pleads facts to support an inference of intent and meet the plausibility standard.

In challenging the sufficiency of the pleadings, Defendants also assert an affirmative defense: they argue that 28 U.S.C. § 3307 protects from voidability a transfer to a person "who took in good faith and for a reasonably equivalent value." 28 U.S.C. § 3307(a). Defendants contend that the Complaint's allegation that the Subject Property was transferred in consideration for $1 is insufficient, by itself, to plausibly allege that Joanna Falzarano did not provide reasonably equivalent value in exchange for the Subject Property. Though "[d]efendants may raise affirmative defenses at the motion to dismiss stage," these "often require consideration of facts outside the complaint." *United States v. EZ Lynk, SEZC*, 149 F.4th 190, 198 (2d Cir. 2025) (cleaned up). A district court can grant a motion to dismiss for

---

[16] ECF No. 1. ¶¶ 19, 37.

failure to state a claim based on an affirmative defense "only when facts supporting the defense appear on the face of the complaint." *Id*. (cleaned up).

Here, there are no facts on the face of the Complaint to support Defendants' argument that Joanna Falzarano did, in fact, provide Sean Falzarano with additional consideration for the transfer of the Subject Property. Moreover, to the extent Defendants might suggest that consideration other than monetary value may have supported the transfer, "the term 'value' connotes only economic value, and any intangible, emotional benefit is not included within the meaning of reasonably equivalent value." *United States v. Forbes*, 740 F. Supp. 2d 334, 341 (D. Conn. 2010) (cleaned up). Sean Falzarano does not assert that Joanna Falzarano provided him with any economic value in addition to the $1 described in the Complaint. Defendants' argument under § 3307 is thus unpersuasive.

The Falzaranos next advance a distinct Rule 12(b)(6) argument based on *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). They contend that, apart from any issue of intent, the Complaint fails to satisfy a purported "broader burden" of pleading recognized in *Chambers*. Specifically, Defendants rely on *Chambers*'s statement that "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id.* The Falzaranos argue that because the record in the Criminal Case is integral to the Complaint, the Government was required to plead facts consistent with that record.[17]

*Chambers* does not support the Defendants' argument. Instead, it addresses the circumstances under which a court may consider documents outside the pleadings on a Rule

---

[17] ECF No. 31 at 8.

12(b)(6) motion because they are "integral" to the complaint. *Chambers* does not impose a heightened pleading obligation requiring a plaintiff to allege every fact contained in such documents or otherwise plead facts "consistent with" the entire record. *See* 282 F.3d at 153 (holding that "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion"). Here, the Government's claims concern the alleged fraudulent transfer, not the underlying criminal prosecution. Although the Complaint references certain facts from the Criminal Case, its claims do not depend on the criminal record as a whole. Accordingly, *Chambers* does not impose the "broader burden" of pleading that Defendants assert.

Finally, Defendants contend that as the Complaint alleges fraud, the heightened pleading requirements under Rule 9 to "state with particularity the circumstances constituting fraud or mistake" apply, and that those requirements are not met. Fed. R. Civ. P. 9(b). The Falzaranos state that the Complaint "offers no contemporaneous communications, sham instruments, or other specific facts showing intent."[18] This argument is unpersuasive. Although Rule 9(b) requires the circumstances constituting fraud to be pleaded with particularity, it expressly provides that "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). As discussed above, the Complaint alleges several facts supporting a plausible inference of actual intent, including multiple statutory "badges of fraud" under 28 U.S.C. § 3304(b)(2). At the pleading stage, Rule 9(b) requires no more.

---

[18] ECF No. 31 at 22.

The Government's pleading successfully states a claim upon which relief can be granted under Rule 12(b)(6) and is sufficient under the heightened standard of Rule 9(b). As such, the Court rejects the Defendants' arguments under both Rule 12(b)(6) and Rule 9(b).

### 3.        Failure to Join a Required Party

Defendants next argue that the Complaint should be dismissed under Rule 12(b)(7) because the Government failed to join a required party: secured creditors with an interest in the Subject Property. As support for this, Defendants rely on a bare recitation of Fed. R. Civ. P. 19, which governs the required joinder of parties.

The Court agrees with the Government's assertion that the Falzaranos have failed to "present[] evidence sufficient to satisfy the requirements of Rule 19(a)."[19] In arguing that "secured creditors" who "claim an interest in the Subject Property" must be joined, Defendants assert that failing to join these secured creditors would impact them because such failure would "risk[] prejudice and inconsistent obligations."[20] But Defendants offer only conclusory assertions regarding unnamed secured creditors and fail to explain why any such creditor qualifies as a required party under Rule 19. Thus, the Motion to Dismiss falls short of demonstrating that "the court cannot accord complete relief among the existing parties or [that] the disposition of the action would impair the ability of absent parties to protect their interests." *Thieriot*, 2025 WL 3295111, at *3. As a result, he has not shown that dismissal under Rule 12(b)(7) is warranted.

---

[19] ECF No. 62 at 10.

[20] ECF No. 31 at 24.

16

### 4.    Motion to Strike

Finally, within the Motion to Dismiss, Defendants move to strike portions of the Complaint that they define as "immaterial" or "prejudicial."[21] Defendants again fail to cite any authority for their argument. They also fail to identify with precision which allegations in the Complaint they wish to be struck by the motion. The sole contention that Defendants rely on in support of their Motion to Strike under Rule 12(f) is that "[t]he Complaint's collateral allegations offer inflammatory content without probative value for FDCPA elements and should be stricken."[22] The allegations they take issue with are broadly identified as the Complaint's inclusion of information on their family's vacation, "conclusory 'concealment'"[23], and residency assertions. Defendants do not explain why that information is immaterial or impertinent under Rule 12(f). Without legal analysis or reasoning as to why these allegations meet the requirements for striking them under Rule 12(f), or even what specific allegations Defendants take issue with, his 12(f) Motion to Strike cannot be granted.

### B.    Motion for Sanctions

In his Motion for Sanctions, Sean Falzarano asks the Court to grant sanctions against the Government based on his belief that they presented factual contentions to the Court that did not have evidentiary support in violation of Rule 11(b)(3). Sean Falzarano takes issue with the Government's statement that his memorandum in support of his Motion to Dismiss "appear[ed] to be a largely AI generated document."[24]

---

[21] *Id.* at 25.

[22] *Id.*

[23] *Id*.

[24] ECF No. 65 at 2.

The Government offers two arguments as to why this Motion for Sanctions is not appropriate. First, it asserts that the Motion for Sanctions was not properly filed in accordance with the specifications outlined in Rule 11(c)(2).[25] Second, it asserts that the Motion for Sanctions is frivolous.[26]

The Court agrees that the Motion for Sanctions is frivolous. Sean Falzarano objects to a single nine-word phrase in which the Government stated that his memorandum in support of his Motion to Dismiss "appear[ed] to be a largely AI-generated document."[27] This statement was not a definitive assertion that the filing was generated entirely by artificial intelligence, but rather an observation qualified by the word "appeared." Nor could the statement reasonably be characterized as a factual contention lacking evidentiary support. Indeed, Sean Falzarano had previously acknowledged that he used artificial intelligence-based tools.[28] Moreover, the Government's statement need not have been proven entirely accurate to avoid sanctions. Rule 11(b)(3) does not prohibit reasonable observations or arguments; it prohibits factual contentions that lack evidentiary support. Here, the Government's comment was not central to its legal argument, was not presented as a dispositive fact, and was neither unreasonable nor speculative.

The Court also independently reached the same conclusion regarding the use of artificial intelligence in Sean Falzarano's filings. In denying his later-filed emergency motion, the Court explained:

---

[25] ECF No. 66 at 4–5.

[26] *Id.* at 6–8.

[27] ECF No. 38 at 2.

[28] ECF No. 55-1 ¶ 6.

18

Lastly, the Court will note that a significant portion of Defendant's motion is devoted to indignation over the Government's observation that his prior filing appeared to have been generated with the assistance of artificial intelligence. The Court emphasizes that it reached that same conclusion independently. Indeed, in prior filings, the Court was at times unable to discern what relief Defendant sought or what legal basis existed for granting it. *See, e.g.,* ECF No. 37 ("The Court also does not see a legal basis for issuing instructions limiting adverse litigation consequences stemming from Sean Falzarano's alleged inability to participate in the separate criminal proceeding; nor does it understand to whom any such instructions would be directed."). The instant motion likewise bears clear hallmarks of unverified AI generation, including continued requests for relief that have no legal basis.[29]

Thus, the Government's observation was not only reasonable, but consistent with the Court's own assessment of Sean Falzarano's filings. He therefore fails to identify any factual contention that lacked evidentiary support or any other basis for sanctions under Rule 11(b)(3). Having concluded that Sean Falzarano's Motion for Sanctions is frivolous, the Court need not reach the Government's alternative argument that he failed to comply with Rule 11(c)(2)'s safe harbor requirement.

For the reasons stated above, Defendants' Motion for Sanctions is **DENIED**.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Dismiss is **DENIED**. Sean Falzarano's Motion for Sanctions is also **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
August 5, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[29] ECF No. 51.